(November 26, 1986)

In the Matter of SCOTT G. and Another, Alleged to be Abused Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON H., Appellant.—Yesawich, Jr., J.

After receiving information that Scott G., born July 7, 1977, and Heather G., born February 28, 1980, were overtired, being frequently kept out late at night by their mother, respondent herein, and their stepfather, the investigative unit of petitioner began an investigation of the children's health and welfare. The information had been furnished by the children's natural father, who reported that their stepfather had a criminal record of child sexual abuse and that he might be implicated in their condition.

A child abuse proceeding thereafter initiated by petitioner against respondent and the stepfather was severed and continued only as against respondent. At the close of petitioner's

case, Family Court, on its own motion, pursuant to Family Court Act § 1051 (b) amended the petition to conform to the proof so as to include allegations of neglect by respondent. Ultimately the children were found, by a preponderance of the evidence, to have been neglected and this appeal by respondent followed.

Evidence adduced at the proceeding established, *inter alia,* that respondent was fully apprised of the fact that her husband of approximately six months was a convicted sex offender; that though warned not to leave the children alone with him because they would be at risk, she did so; that despite observing vaginal irritation on Heather she never asked the child whether she had been sexually abused; and that she did not immediately alert medical personnel after she first detected the irritation, which was diagnosed as symptomatic of sex abuse two days later in the emergency room of the local hospital.

We find no substance in respondent's claim that Family Court applied an improper standard of care in concluding she neglected her children. Family Court Act § 1012 (f) (i) defines a neglected child as one less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to *exercise a minimum degree of care"* (emphasis supplied). This definition is sufficiently elastic to embrace the situation "in which the parent 'allows' the child to be impaired" (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, p 241). When the issue is whether the parent allowed the child to be abused, the trier of fact is required to determine whether a reasonable and prudent parent would have acted, or failed to act, under the circumstances as presented. The test is, therefore, as respondent concedes, an objective one *(see, Matter of Katherine C.,* 122 Misc 2d 276). A review of the record, even a cursory one, indicates this test was met.

Respondent also questions Family Court's reliance upon Heather's out-of-court statements in making its determination that the children had been neglected. Family Court Act § 1046 (a) (vi), as recently amended, considers "previous statements made by the child relating to any allegations of * * * neglect * * * admissible in evidence" and, if corroborated, sufficient to make a finding of neglect. Corroboration comprehends evidence " 'supplementary to that already given and tending to strengthen and confirm it. Additional evidence of a different character to the same point' " *(Dutchess County Dept. of*

*Social Servs. v Bertha C.,* 130 Misc 2d 1043, 1045, quoting Black's Law Dictionary 311 [5th ed]).

Evidence of this nature is present in abundance. The children's out-of-court statements were bolstered by a doctor's physical examination of Heather, which revealed inner-vaginal lacerations and vaginal irritation commonly caused by sexual intercourse, and ruled out other causes for these conditions; the child's use of anatomically correct dolls on three separate occasions and in approximately the same manner to depict the vaginal, anal and oral sexual contact she had been subjected to, and behavioral abnormalities noticed in both children, all of which is substantiated by testimony of adults who personally observed the children, and each of whom is experienced in this field *(see, Dutchess County Dept. of Social Servs. v Bertha C., supra,* pp 1046-1047) as well as cross corroboration by the children. That there was sufficient evidence to support Family Court's finding that respondent neglected her children cannot seriously be disputed.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.