■ In the Matter of DANIEL II. and Another, Alleged to be Neglected Children. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD II., Appellant.—Casey, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered March 5, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

On December 10, 1985, a petition was filed by a caseworker for petitioner charging respondent with neglect of his two infant sons. The petition alleged that the children's physical, mental and emotional condition had been impaired or were in imminent danger of being impaired by respondent who, on December 5, 1985, had locked himself and the two children in his house with a loaded 12-gauge shotgun in his possession. Initially, respondent refused to allow police or the children's mother to enter the house and called out to police that "the first one through the door was going to get it". The children were kept for some 2 to 3 hours with a substantial risk of injury from the shotgun or the potential use of tear gas. As a result, respondent was charged with menacing and reckless endangerment in the second degree.

On January 13, 1986, respondent appeared in Family Court with his attorney and admitted the factual allegations of the

petition. Family Court accepted the admission and found neglect. The matter was set down for a dispositional hearing on March 4, 1986. Testimony introduced at this hearing revealed that respondent had exhibited behavior problems in regard to his wife as the result of marriage conflicts and was attending a mental health clinic for counseling. It appears that respondent had exhibited violent physical behavior on two prior occasions outside the marriage setting. During the hearing and part way through the direct examination of the first witness, a probation officer, the Family Court Judge stated, "I don't know why someone isn't here from the Social Services Department because the children will be in the custody of the Commissioner [of Social Services]".

Respondent contends that this statement short-circuited the hearing, indicating that Family Court had predetermined its disposition of the case. We disagree. The disposition was the recommendation of the first witness and this is what Family Court meant if the recommendation of the witness was followed. Since respondent admitted to the incident which formed the basis of the petition, the court proceeded to make an appropriate disposition in the circumstances. The children were placed in petitioner's custody and were permitted to remain in the physical custody of their paternal grandparents, with parental visitation arranged through petitioner. The initial placement was for 18 months unless the matter was returned to court sooner and petitioner was directed to forward a written report to the court every six months. Since we find this disposition appropriate, we affirm the order of Family Court.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.