THIRD DEPARTMENT, DECEMBER, 1989

(December 14, 1989)

■ In the Matter of CARRIE R., Alleged to be an Abused and Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; RODNEY R., Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered August 6, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be abused and neglected.

Respondents are the parents of an infant girl born in March 1987. When the infant was less than three weeks old, a child abuse report was made by her pediatrician because of bruises to her head. During the investigation, the infant's mother

gave a sworn statement admitting that she had slapped the baby "pretty hard". Respondent Rodney R. (hereinafter respondent) gave a sworn statement indicating that the mother had been nervous, lost patience with the baby and threatened to hit the baby two days before the actual slapping incident. He further indicated that he had left the baby alone with the mother when the slapping incident occurred.

Petitioner commenced this proceeding to have the infant adjudicated an abused or neglected child. The mother admitted the allegations of the petition but respondent, although agreeing to the infant's placement with petitioner, refused to admit the allegations. Accordingly, a hearing was held, after which Family Court found that the allegations against respondent had been proven. Following a dispositional hearing, an order, *inter alia,* granting the petition and awarding custody of the infant to the infant's paternal aunt and her husband was entered. Respondent appeals.

Respondent contends that the proof was insufficient to establish that he abused the infant. His alleged abuse is based on his allowing the infant to be abused by the mother *(see,* Family Ct Act § 1012 [e] [i]). The appropriate test in deciding whether a parent allowed a child to be abused is whether a reasonable and prudent parent would have acted, or not acted, under the circumstances *(see, Matter of Scott G.,* 124 AD2d 928, 929). Here, the record reveals that respondents have been the subject of child abuse petitions before and that at least one of their children has been removed from their custody. Respondent's sworn statement indicates his knowledge that the mother had threatened to hit the infant because she was losing patience with her. Nonetheless, respondent chose to leave the infant with the mother in an unsupervised setting. We believe that this action by respondent, in light of the mother's known problems with her children and recent statement specifically addressed to harming the infant, was inappropriate and, thus, supports Family Court's conclusion that he allowed the infant to be abused. Respondent's testimony that the mother's threat to slap the infant was only a joke merely raised an issue of credibility for Family Court and we defer to Family Court's resolution of that issue.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.