■ In the Matter of BENJAMIN YY., Alleged to be a Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARCY YY., Appellant.—Harvey, J. Appeal from an order of the Family Court of Otsego County (Kepner, Jr., J.), entered January 20, 1989, which, in a proceeding pursuant to Family Court Act article 10, adjudicated Benjamin YY. to be a neglected child and placed him in the custody of the Commissioner of Social Services for one year.

Benjamin YY., respondent's son, was taken into custody by petitioner on May 31, 1988 following an investigation of a report received from the State Central Register of Alleged

Child Abuse or Maltreatment. It was reported that respondent had attempted suicide by taking an overdose of pills. When help arrived, a large knife was found in the same bed where the child was sleeping. A neglect petition was filed several days later alleging that respondent had failed to provide the child with proper supervision or guardianship. In addition to the above-described incident, the petition described a previous suicide attempt by respondent and also several previous threats of violence respondent allegedly made to others. In October 1988, following a fact-finding hearing, Benjamin was adjudicated a neglected child. The child's natural father and paternal grandparents were granted temporary physical custody of the child pending the dispositional hearing. Family Court ultimately placed the child in the custody of the Commissioner of Social Services for a year, with continued physical placement in the home of the father and grandparents, and granted weekend visitation to respondent. This appeal by respondent followed.

Pursuant to Family Court Act § 1052 (a) (iii), Family Court placed Benjamin in the custody of the Commissioner while permitting him to live with his father and paternal grandparents *(see,* Family Ct Act § 1055). Respondent's principal argument on appeal is that Family Court erred in not releasing Benjamin to her custody and directing that she be placed under appropriate supervision pursuant to Family Court Act § 1054 (a) *(see,* Family Ct Act § 1052 [a] [ii]). We disagree. The record amply supports the court's determination *(see, Matter of Daniel II.,* 129 AD2d 909). At the dispositional hearing, Dr. Peter Johngren, a psychiatrist, stated that respondent was diagnosed as a paranoid schizophrenic at the time she was discharged from the hospital following the suicide attempt and that she was "emotionally unstable" and "prone to angry outbursts". He did not recommend that the child be reunited with his mother. Respondent's own treating psychiatrist, Dr. Scott Shannon, diagnosed respondent as suffering from a "borderline personality disorder". Although he testified that respondent's condition was improving, he could not predict her success in caring for her child and could not say how long her treatment would take. This testimony and other evidence sufficiently supported the court's decision not to place Benjamin in respondent's care at this time. Although respondent argues that her being placed under supervision would sufficiently protect Benjamin, it is notable that respondent was being monitored by a caseworker of petitioner at the time of her most recent suicide attempt, proving that such supervision

was inadequate to prevent respondent from neglecting Benjamin.

Respondent's remaining allegations have been examined and have been found to be without merit. We reject respondent's contention that there was insufficient evidence before Family Court to justify the temporary placement of the child with his father and family. The information provided to the court by the child's father and paternal grandparents was sufficiently corroborated by a home study which has been supplied to this court. Finally, we have examined Family Court's order of disposition and have found it to be in compliance with the requirements of Family Court Act § 1052 (b).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.