■ In the Matter of Sonja I., Alleged to be a Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SONJA D. I. et al., Appellants.—Mercure, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered April 4, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

Respondents, the adoptive mother and father of eight-year-old Sonja I. (hereinafter the child), appeal from an order of Family Court determining that they neglected the child and, *inter alia,* removing the child from their care and custody for an initial period of six months. We reject the contentions that petitioner failed to establish neglect by a fair preponderance of the credible evidence and that Family Court abused its discretion in removing the child from respondents' custody; accordingly, we affirm.

Evidence adduced at the hearing established that in August 1988, after the mother vacated respondents' prior residence in Pennsylvania during a period of marital discord, she returned in the early morning hours, gained access to the residence by breaking a window, forcibly abducted the sleeping child and slapped her across the face to keep her quiet. The mother removed the child to a filthy, dingy and cluttered residence in the City of Elmira, Chemung County, where she was living with Alan Blunt, a 72-year-old alcoholic who, on at least one occasion, exposed himself to the child, and Lawrence Miles, on parole following 12 years' incarceration for the robbery of a waitress at knifepoint. Although the mother was aware that it was a condition of Miles' parole that he not be left alone with a child, the mother took Miles and the child to an area shopping mall to go to the movies together without adult supervision. During August and September 1988, the mother abused alcohol and prescription medication, often went out with a boyfriend and left the child in the company of inappropriate care givers. On one such occasion, the child was forced to sleep on the floor where insects crawled over her. In our view, this evidence abundantly supports the conclusion that the mother neglected the child by failing to exercise that minimum degree of care necessary to protect her from impairment of her physical and mental well-being *(see,* Family Ct

Act § 1012 [f] [i] [B]; *Matter of Tantalyn TT.,* 115 AD2d 799, 801). Contrary evidence submitted by respondents merely created issues of credibility for Family Court's resolution *(see, Matter of Carrie R.,* 156 AD2d 756, 757).

We are similarly unpersuaded by the father's contentions. The evidence adduced at the hearing supports the conclusion that he purposely misrepresented the nature of the mother's conduct to investigating authorities and Family Court, that he acquiesced in the mother's actions and made inadequate efforts to protect the child from her and was, thus, himself guilty of neglect (Family Ct Act § 1012 [f] [i] [B]; *see, Matter of Carrie R., supra; Matter of Scott G.,* 124 AD2d 928, 929). Finally, the expert opinion of Thomas Minotti, a certified social worker, that the child should be placed in foster care pending evaluation and treatment of the mother amply supported Family Court's placement of the child *(see, Matter of Benjamin YY.,* 159 AD2d 815; *Matter of Daniel II.,* 129 AD2d 909).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.