In the Matter of COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant, v TANYA W., Respondent, et al., Respondent. [702 NYS2d 642] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Lopez-Torres, J.), dated June 9, 1999, as, after a hearing, dismissed the petition insofar as asserted against the respondent Tanya W.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, Commissioner of the Administration for Children's Services of the City of New York, commenced this neglect proceeding against Tanya W. and Dwayne R. alleging that, on August 19, 1998, Tanya W. left her children in the care of Dwayne R., who left the children unsupervised for most of the day. The petitioner claimed that the children had told Tanya W. that Dwayne R. had done this "many times" on prior occasions, but that she took no steps to provide better child-care.

The standard of proof in a fact-finding hearing to determine whether a child has been abused or neglected is whether there is a preponderance of evidence to support the finding (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1). If Tanya W. knew, or should have known, that Dwayne R. was leaving the children unattended, a finding of neglect may be entered against her (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.,* 194 AD2d 608).

The evidence that Tanya W. knew that her caretaker was unreliable was general and unspecified. There was no attempt to define what was meant by the children's allegations that they had been left alone "many times", either with regard to the number of instances when they had been left alone, or the duration of each episode, and there was no corroboration of these allegations (*cf., Matter of Nassau County Dept. of Social Servs. [Laura C.],* 232 AD2d 635). Accordingly, the evidence was insufficient to justify a finding of neglect (*cf., Matter of Dutchess County Dept. of Social Servs. [Brittney C.],* 242 AD2d 533). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.