In the Matter of CARLOS M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In the Matter of SHAMEKA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of MORANDA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent;

MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) In the Matter of SHAWNTA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 4.) In the Matter of SHATERIA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 5.) In the Matter of SIERRA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 6.) In the Matter of LIQUITTA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 7.) In the Matter of CHARLES M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NETTIE M., Respondent; MONICA DRINANE, Nonparty Appellant. (Proceeding No. 8.) [741 NYS2d 82] —In eight related child protective proceedings pursuant to Family Court Act article 10, the petitioner and the Law Guardian separately appeal from an order of the Family Court, Kings County (Segal, J.), dated September 18, 2000, which, after a fact-finding hearing, found no evidence of neglect and dismissed the neglect petitions insofar as asserted against the mother.

Ordered that the order is reversed, on the law and the facts, without costs and disbursements, so much of the order as dismissed the neglect petitions for the failure to protect the children from witnessing domestic violence and from the use of excessive corporal punishment is vacated, those branches of the petitions are reinstated, the petitions to adjudicate Carlos M., Shameka M., Moranda M., Shawnta M., Shateria M., Sierra M., Liquitta M., and Charles M. as neglected children are granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

The Family Court properly dismissed the branches of the neglect petitions alleging that the mother neglected Charles M. and derivatively neglected the other children in allowing Charles M. to fall out of a window in her apartment. The petitioner Administration for Children's Services (hereinafter ACS) failed to establish by a preponderance of the evidence that the mother knew, or should have known, that the child Charles M. was not being properly supervised when she took a nap (*see Matter of P. Children*, 272 AD2d 211; *Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. v Tanya W.*, 269 AD2d 394).

The Family Court erred, however, in dismissing the branches of the neglect petitions alleging that the mother failed to protect the children from witnessing domestic violence. ACS established by a preponderance of the evidence that there was a 12-year history of domestic violence between the mother and the respondent Charles W. which was witnessed by the children, and which often required the intervention of the children. Moreover, there was sufficient evidence to establish that the children were present on June 4, 2000, when Charles W. fought with the mother, and struck her with a cooking pot. This evidence was sufficient to support a finding of neglect against the mother (*see Matter of Tami G.*, 209 AD2d 869). Evidence of acts of severe violence between parents in the presence of their children is sufficient to show that the children's physical, mental, or emotional conditions are in imminent danger of becoming impaired within the meaning of Family Court Act § 1012 (f) (i) (B) (*see Matter of Athena M.*, 253 AD2d 669).

Further, the Family Court erroneously dismissed the branches of the neglect petitions alleging that the mother failed to protect the children from the excessive use of corporal punishment by Charles W. ACS established by a preponderance of the evidence that Charles W. used excessive corporal punishment on the children (*see Matter of Suffolk County Dept. of Social Servs. [Jameria A.] v Nicole S.*, 266 AD2d 556). ACS also established by a preponderance of the evidence that the mother should have known about the use of excessive corporal punishment. This evidence was sufficient to support a finding of neglect against the mother for the failure to protect the children from excessive use of corporal punishment (*see Matter of Danielle S.*, 282 AD2d 680; *Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.*, 194 AD2d 608). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.