■ In the Matter of JAIME D., a Child Alleged to be Neglected. CHILD PROTECTIVE SERVICES OF ROCKLAND COUNTY, Respondent; GEORGE D., Appellant. (Proceeding No. 1.) In the Matter of ASHLEY D., a Child Alleged to be Neglected. CHILD PROTECTIVE SERVICES OF ROCKLAND COUNTY, Respondent; GEORGE D., Appellant. (Proceeding No. 2.) In the Matter of CHARLES D., a Child Alleged to be Neglected. CHILD PROTECTIVE SERVICES OF ROCKLAND COUNTY, Respondent; GEORGE D.,

Appellant. (Proceeding No. 3.) [743 NYS2d 882] —In three related neglect proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact finding and disposition (one paper) of the Family Court, Rockland County (Garvey, J.), dated November 15, 1999, which, after a hearing, determined that he had neglected his three children, placed them in the custody of their mother until October 5, 2000, and directed him to comply with an order of protection of the same court, also dated November 15, 1999, and (2) the order of protection dated November 15, 1999, which directed him to remain away from the children and their residence, except for supervised visitation, until October 5, 2000.

Ordered that the appeal from the order of protection and the appeal from so much of the order of fact finding and disposition as placed the children in the custody of the mother until October 5, 2000, and directed him to comply with the order of protection are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The father's appeal from the order of protection dated November 15, 1999, and from so much of the order of fact finding and disposition as placed the children in the custody of the mother and directed him to comply with the order of protection, must be dismissed as academic because the orders have expired by their own terms (*see Matter of Danielle S.,* 282 AD2d 680; *Matter of Susan B.,* 264 AD2d 478). Nevertheless, the adjudication of neglect has not been rendered academic (*see Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

We have reviewed the record and agree with the father's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738; *Matter of Alexis B.,* 292 AD2d 604; *Matter of M. Children,* 286 AD2d 736). Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.