■ In the Matter of TALI W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALON W., Appellant. (Proceeding No. 1.) In the Matter of NAOMI W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALON W., Appellant. (Proceeding No. 2.) In the Matter of ADAM W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALON W., Appellant. (Proceeding No. 3.) [750 NYS2d 104] —In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1) from a fact-finding order of the Family Court, Queens County (Hunt, J.), entered February 22, 2001, which, without a hearing, inter alia, granted the petitioner's motion for summary judgment on the issue of neglect and found that he neglected the subject children, (2), as limited by his brief, from so much of an order

of protection of the same court, dated April 19, 2001, as, after a hearing, and upon his consent, directed him to provide support to the mother in the amount of $100 per week, and (3), as limited by his brief, from stated portions of three orders of disposition of the same court (one as to each proceeding), all dated April 19, 2001, which, inter alia, upon the fact-finding order entered February 22, 2001, determined that the subject children were neglected by the father, and, upon his consent, directed him to provide $100 per week to the mother without prejudice to any subsequent petition by the mother for support.

Ordered that the appeal from the fact-finding order entered February 22, 2001, is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition dated April 19, 2001; and it is further,

Ordered that the appeals from the order of protection and so much of the orders of disposition dated April 19, 2000, as directed the father to provide support to the mother in the amount of $100 per week are dismissed, without costs and disbursements, as no appeals lie from portions of orders which were entered on the consent of the appealing party (see Katz v Katz, 68 AD2d 536), and in any event, the appeal from the order of protection is academic, as the order has expired by its terms (see Matter of Jaime D., 295 AD2d 346); and it is further,

Ordered that the orders of disposition dated April 19, 2001, are reversed insofar as reviewed, on the law, without costs or disbursements, the fact-finding order dated February 22, 2001, is vacated, and the matter is remitted to the Family Court, Queens County, for a fact-finding hearing and a new dispositional hearing.

The Family Court erred in granting the motion of the petitioner, Administration for Children's Services, for summary judgment and finding that the father neglected the subject children. While the Family Court may grant summary judgment in a proceeding pursuant to Family Court Act article 10 where a parent has been criminally convicted of one or more acts alleged in the petition (see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178), in this case, there is no evidence that the one act of physical violence perpetrated against the mother, which the father admitted during his plea colloquy in a related criminal proceeding, took place in the children's presence, or impaired their physical, mental, or emotional conditions, or placed them in imminent danger thereof (see Matter of Carlos M., 293 AD2d 617; Matter of Cybill V., 279 AD2d 582). Moreover, since the presence of

the children was not an element of the criminal charge of which the father was convicted, and was not litigated in any manner in the criminal proceeding, it was improper to afford a collateral estoppel effect to the father's conviction. Accordingly, the Family Court, Queens County, must conduct fact-finding and dispositional hearings in accordance herewith.

In light of our determination, we need not reach the father's remaining contentions. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.