■ In the Matter of XAVIER C., a Child Alleged to be Neglected. CHILD PROTECTIVE SERVICES, Respondent; LLOYD A.C., Appellant. (Proceeding No. 1.) In the Matter of XERXES C., a Child Alleged to be Neglected. CHILD PROTECTIVE SER-

vices, Respondent; Lloyd A.C., Appellant. (Proceeding No. 2.) In the Matter of Xenia C., a Child Alleged to be Neglected. Child Protective Services, Respondent; Lloyd A.C., Appellant. (Proceeding No. 3.) In the Matter of Xaria C., a Child Alleged to be Neglected. Child Protective Services, Respondent; Lloyd A.C., Appellant. (Proceeding No. 4.) [756 NYS2d 474] —In four related proceedings pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Suffolk County (Lehman, J.), entered May 20, 1999, which, without a hearing, granted the petitioner's motion for summary judgment and found that he neglected the subject children.

Ordered that the fact-finding order is reversed, on the law, without costs or disbursements, the order of disposition dated September 27, 1999, is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The Family Court erred in granting the motion of the petitioner, the Suffolk County Department of Social Services, for summary judgment and finding that the father neglected the subject children. The Family Court may grant summary judgment in a proceeding pursuant to Family Court Act article 10 where a parent has been convicted in a criminal action of one or more acts alleged in the petition (*see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.,* 83 NY2d 178 [1994]; *Matter of Tali W.,* 299 AD2d 413 [2002]). However, in this case, there is no evidence that the acts of violence perpetrated against the mother, which the father admitted during his plea colloquy in a related criminal proceeding, took place in the children's presence, impaired their physical, mental, or emotional condition, or placed them in imminent danger (*cf. Matter of Carlos M.,* 293 AD2d 617 [2002]; *Matter of Cybill V.,* 279 AD2d 582 [2001]; *Matter of Deandre T.,* 253 AD2d 497 [1998]). Accordingly, the Family Court must conduct a fact-finding hearing.

In light of our determination, it is necessary to vacate the order of disposition, dated September 27, 1999. Feuerstein, J.P., Smith, Krausman and Cozier, JJ., concur.