■ In the Matter of EDDIE E. and Others, Children Alleged to be Neglected. CARMEN L., Appellant; EDDIE L., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [631 NYS2d 745] —In a proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of (1) a fact-finding order of the Family Court, Kings County (Burstein, J.), dated March 18, 1991, as, after a hearing, found that the subject children had been neglected by her and (2) a dispositional order of the same court, dated March 31, 1992, as found that the children were neglected and placed them in the custody of the Commissioner of Social Services for a period of one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the appeal from so much of the dispositional as placed the children in the care of the Commissioner of Social Services is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Although the dispositional order has expired, the adjudication of neglect constitutes a permanent and significant stigma. Moreover, the finding of neglect might indirectly affect the appellant's status in potential future proceedings. Therefore, the appeal from so much of the dispositional order as found that the children were neglected is not academic *(see, Matter of H. Children,* 156 AD2d 520).

The petitioner proved by a preponderance of the evidence that the children were neglected by the mother *(see,* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1). The mother knew or should have known that the children were either being beaten by the father of three of the children or in imminent danger of similar harm *(see,* Family Ct Act § 1012 [f] [i]; § 1046

[a] [i]; *Matter of Norland B.,* 191 AD2d 632; *Matter of Victor S.,* 166 AD2d 535; *Matter of Sara X.,* 122 AD2d 795). The mother's failure to protect her children supported the court's finding of neglect against her *(see, Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.,* 194 AD2d 608; *Matter of Victor S., supra).*

The mother's appeal from so much of the dispositional order as placed the children in the care of the petitioner must be dismissed as academic because the one year placement period has expired, and a subsequent order extending placement has been entered, from which no appeal has been taken *(see, Matter of Angelina E.,* 213 AD2d 346; *Matter of Tanya M.,* 207 AD2d 656; *Matter of Byron A.,* 112 AD2d 30). Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.