■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of MONIQUE W., Respondent, v KIM G., Appellant, et al., Respondent. [659 NYS2d 501] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Kings County (Segal, J.), dated October 2, 1995, which, upon a fact-finding order of the same court dated August 5, 1994, found that she had neglected her daughter Monique W. by inflicting excessive corporal punishment, and placed the child in the custody of the Commissioner of Social Services with the specific directive that the child reside with the maternal grandmother for a period not to exceed 12 months, and (2) an order of protection of the same court, also dated October 2, 1995, which is in favor of the child. The appeal from the order of disposition brings up for review the fact-finding order dated August 5, 1994.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

The placement of the child was extended by a subsequent or-

der from which no appeal was taken. Thus, the appeal from so much of the order of disposition as placed the child with the petitioner is dismissed as academic *(see, Matter of Eddie E., 219 AD2d 719; Matter of Ana P., 215 AD2d 485)*.

However, the appeals from the finding of neglect and the expired order of protection are not academic since a finding of neglect constitutes a "permanent and significant stigma" and potential future consequences may flow from the adjudication *(see, Matter of Eddie E., supra, at 719; see also, Matter of Grossman v Grossman, 238 AD2d 339; Matter of Cutrone v Cutrone, 225 AD2d 767)*. The Family Court's determination in this case was supported by a preponderance of the evidence *(see, Family Ct Act § 1046 [b] [i])*. Where, as here, issues of credibility were presented, the hearing court's findings must be accorded great deference *(see, Matter of Irene O., 38 NY2d 776, 777; Matter of Racielli C., 215 AD2d 477, 478)*. The evidence supported the Family Court's determination that the mother's use of excessive corporal punishment constituted neglect. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.