■ In the Matter of DANIELLE C., a Child Alleged to be Neglected. ANGELA C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [676 NYS2d 611] —In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated February 5, 1997 which, upon a fact-finding order of the same court dated October 2, 1996, made, after a hearing, finding that the appellant had neglected her child, *inter alia*, found that the child was neglected and placed the child in the care of the Commissioner of Social Services for a period of one year. The appeal brings up for review the fact-finding order dated October 2, 1996.

Ordered that the appeal from so much of the order of disposition as placed the child in the care of the Commissioner of Social Services is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed the child in the care of the respondent must be dismissed as academic. The one year placement period has expired, a subsequent order extending placement has been entered on consent and a termination of parental rights proceeding has been commenced (see, *Matter of Eddie E.*, 219 AD2d 719; *Matter of Angelina E.*, 213 AD2d 346).

However, although the order of disposition has expired, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings. Therefore, the appeal from so much of the order of disposition as determined that the child was neglected is not academic (see, *Matter of Eddie E.*, 219 AD2d 719, *supra*; *Matter of H. Children*, 156 AD2d 520).

The respondent proved by a preponderance of the evidence that the child was neglected by the mother (*see,* Family Ct Act § 1046 [b] [i]). The evidence established that because of her mental illness the mother was unable to supply the child with adequate food or shelter and failed to consistently send the child to school (*see,* Family Ct Act § 1012 [f] [i] [A]; *Matter of Commissioner of Social Servs. [Pedro F.],* 212 AD2d 400; *Matter of Catherine K.,* 224 AD2d 880; *Matter of Jovann B.,* 153 AD2d 858, 859). Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.