■ In the Matter of W. CHILDREN. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; DAVID WILLIAMS, Appellant. [681 NYS2d 574] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated December 11, 1996, as placed his two children in the custody of

the Commissioner of Social Services for a period of 12 months, and (2) from an order of the same court dated April 10, 1997, which denied his motion to vacate so much of an order of the same court, dated July 22, 1996, entered upon his default in appearing at a fact-finding hearing, as found that the children were neglected by him.

Ordered that the appeal from the order of disposition dated December 11, 1996, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated April 10, 1997, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order of disposition which placed the two children in the custody of the Commissioner of Social Services for a period of 12 months is dismissed as academic because that order expired by its own on terms on December 11, 1997, and was superseded by a subsequent order, which extended the placement for another year and from which no appeal was taken (*see, Matter of Commissioner of Social Servs. [Monique W.] v Kim G.,* 240 AD2d 664; *Matter of Eddie E.,* 219 AD2d 719).

Contrary to the appellant's contention, the court properly denied his motion to vacate so much of the order dated July 22, 1996, entered upon his default in appearing at a fact-finding hearing, as found that the children were neglected by him. The appellant contends that he was "confused" about the date of the hearing. The credibility of that claim was undermined by the following facts: (1) the appellant was present five days earlier when the court announced the date of the fact-finding hearing; (2) if the appellant was confused, he could have contacted his attorney or the court to confirm the date; and (3) the appellant never mentioned the issue of his confusion until eight months after the fact-finding hearing. Under these circumstances, the court correctly concluded that the appellant "willfully refused to appear at the hearing" (Family Ct Act § 1042; *see, Matter of Commissioner of Social Servs. [Corrine B.] v Margaret D.,* 221 AD2d 439; *Matter of Jamel H.,* 187 AD2d 513). Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.