■ In the Matter of B. CHILDREN. COMMISSIONER OF SOCIAL SERVICES, Respondent; SHARON B., Appellant. [699 NYS2d 898] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from six orders of disposition of the Family Court, Queens County (Lubow, J.), all dated July 11, 1997, which, upon six fact-finding orders of the same court dated January 28, 1997, found that she had neglected her children, and placed the children in the custody of the Commissioner of Social Services for a period of 12 months. The appeals from the orders of disposition bring up for review the fact-finding orders dated January 28, 1997.

Ordered that the appeals from so much of the orders of disposition as placed the children in the custody of the Commissioner of Social Services are dismissed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders of disposition as placed the children with the Commissioner must be dismissed as academic because the orders expired in July 1998, and no appeal has been taken from orders extending placement. Nevertheless, although the original orders of disposition expired and have been replaced by orders extending the placement of

the children with the Commissioner, the appeals from the findings of neglect are not academic, since a finding of neglect constitutes a permanent and significant stigma from which potential future consequences may flow (*see, Matter of Eddie E.,* 219 AD2d 719; *see also, Matter of Grossman v Grossman,* 238 AD2d 339; *Matter of Cutrone v Cutrone,* 225 AD2d 767).

The Family Court's findings of neglect in this case were supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (*see, Matter of Commissioner of Social Servs. [Monique W.] v Kim G.,* 240 AD2d 664, 665). The evidence supported the Family Court's determination that the mother had neglected the children (*see, Matter of Irene O.,* 38 NY2d 776, 777; *Matter of Commissioner of Social Servs. [Monique W.] v Kim G., supra*).

Since any alleged deficiencies in the hearing transcript did not preclude meaningful appellate review of the issues raised by the mother, she was not denied due process of law (*cf., People ex rel. Silbert v Cohen,* 29 NY2d 12).

The mother's remaining contention is academic and, in any event, without merit. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.