■ In the Matter of FRANCES KENNEDY, Respondent, v CHRISTOPHER TSOMBANIS, Appellant. [716 NYS2d 74] —In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from (1) an order of protection of the Family Court, Suffolk County (Freundlich, J.), dated June 19, 1997, which, after a hearing, upon finding that the appellant constituted an immediate and ongoing threat to the petitioner, directed, *inter alia,* that the appellant stay away from the petitioner, and (2) an order of the same court, also dated June 19, 1997, which found that the appellant had committed a family offense pursuant to Family Court Act § 841 and placed the appellant on probation for up to three years.

Ordered that the appeal from the order of protection dated June 19, 1997, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of probation dated June 19, 1997, as placed the appellant on probation is dismissed, without costs or disbursements; and it is further,

Ordered that the order of probation dated June 19, 1997, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of protection dated June 19, 1997, must be dismissed as academic as that order expired by its own terms on June 19, 2000. Moreover, the appeal from so much of the order dated June 19, 1997, as placed the appellant on probation must also be dismissed as academic as the record reveals that the appellant was discharged from probation on July 6, 1999.

However, although the appellant has been discharged from probation, the finding that he committed a family offense pursuant to Family Court Act § 841 constitutes a permanent and significant stigma which might indirectly affect his status in potential future proceedings. Therefore, the appeal from so

much of the order of probation as found that the appellant had committed a family offense is not academic (*see, Matter of Danielle C.*, 253 AD2d 431; *Matter of Eddie E.*, 219 AD2d 719).

The court providently exercised its discretion in refusing to allow the appellant to make applications in court in the absence of his attorney since the record indicates that he never unequivocally requested to proceed *pro se (see, People v McIntyre,* 36 NY2d 10).

In addition, the record demonstrates that the appellant's attorney afforded him meaningful representation (*see, Matter of Truick v Truick,* 243 AD2d 572; *Matter of Morlando v Morlando,* 240 AD2d 852). Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.