■ In the Matter of JONATHAN G. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAWN G., Appellant. (Proceeding No. 1.) In the Matter of JOSEPH R. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAWN G., Appellant. (Proceeding No. 2.) [717 NYS2d 339] —In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from two dispositional orders of the Family Court, Queens County (Berman, J.) (one as to each child), both dated December 17, 1997, which, upon fact-finding orders of the same court, both dated August 4, 1997, made after a hearing, finding that the children Jonathan G. and Joseph R. were abused, placed the children with the Commissioner of Social Services for a period of one year. The appeals bring up for review the fact-finding orders dated August 4, 1997.

Ordered that the appeals from so much of the dispositional orders dated December 17, 1997, as placed the children in the care of the Commissioner of Social Services for a period of one year are dismissed, without costs or disbursements; and it is further,

Ordered that the dispositional orders dated December 17, 1997, are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the dispositional orders as placed the children in the care of the Commissioner of Social

Services must be dismissed. As conceded by the mother, those portions of the orders were entered on her consent. An order entered on consent is not appealable, as a party who consents to an order is not aggrieved thereby (*see, Matter of Lockett S. v Onya S.,* 247 AD2d 622; *Matter of Gerald H.,* 158 AD2d 599). In any event, the appeals from so much of the dispositional orders as placed the children in the care of the Commissioner of Social Services are academic. The orders expired by their own terms after one year and, after several temporary extensions, were replaced by a subsequent order extending placement (*see, Matter of Arthur C.,* 260 AD2d 478; *Matter of W. Children,* 256 AD2d 412). However, these portions of the dispositional orders as determined that the mother abused her children were not entered on consent. Furthermore, the appeals from those portions of the orders are not academic (*see, Matter of Arthur C., supra; Matter of Eddie E.,* 219 AD2d 719).

Contrary to the mother's contention, the petitioner proved by a preponderance of the evidence that she had abused her children (*see,* Family Ct Act § 1012 [e] [i], [ii]). Where, as here, the issue is whether a parent has allowed a child to be abused, "the trier of fact is required to determine whether a reasonable and prudent parent would have acted, or failed to act, under the circumstances as presented. The test is, therefore * * * an objective one" (*Matter of Scott G.,* 124 AD2d 928, 929; *see, Matter of Carrie R.,* 156 AD2d 756, 757). The evidence in this case established that the mother allowed the children to be abused by their stepfather. She failed to protect the children from their stepfather's violent conduct or to act as a reasonably prudent parent would under the circumstances (*see, Matter of Michael R.,* 228 AD2d 684; *Matter of Lauren B.,* 200 AD2d 740). Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.