■ In the Matter of SUSAN SAMORA, Respondent, v PHOTIUS COUTSOUKIS, Appellant. [739 NYS2d 721] —In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of disposition of the Family Court, Westchester County (Braslow, J.), dated May 27, 1999, which, after a hearing, found that he had committed a family offense and placed him on probation for a period of one year, and (2) an order of protection of the same court, also dated May 27, 1999, which, after a hearing, granted the mother an order of protection.

Ordered that the appeal from the order of protection is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of protection must be dismissed

as academic as that order expired by its own terms on May 27, 2000. Moreover, the appeal from so much of the order of disposition as placed the appellant on probation must also be dismissed as academic as the period of probation has expired.

However, although the appellant has been discharged from probation, the finding that he committed a family offense pursuant to Family Court Act § 841 constitutes a permanent and significant stigma which might indirectly affect his status in potential future proceedings. Therefore, the appeal from so much of the order of disposition as found that the appellant had committed a family offense is not academic (*see, Matter of Kennedy v Tsombanis,* 277 AD2d 315; *Matter of Danielle C.,* 253 AD2d 431; *Matter of Eddie E.,* 219 AD2d 719).

The Family Court properly advised the father of his right to counsel pursuant to Family Court Act § 262 (a), and the father voluntarily, knowingly, and intelligently waived that right. There was no reason for the court to re-advise the father of his right to counsel upon the service of the amended petition, as the amended petition did not allege any new matter, but merely clarified the allegations of harassment set forth in the original petition.

Upon the exercise of our factual review power, we are satisfied that the Family Court's finding that the father engaged in acts which constituted harassment in the second degree is not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

The Family Court providently exercised its discretion in limiting the scope of the father's cross-examination of the mother and in refusing to admit certain irrelevant evidence offered by the father (*see, People v Ashner,* 190 AD2d 238; *People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846).

The Family Court complied with Family Court Act §§ 833 and 835 by holding the fact-finding and dispositional hearings together.

The father's remaining contentions are without merit. Florio, J.P., Goldstein, McGinity and H. Miller, JJ., concur.