■ In the Matter of FATIMA Mc., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANTHONY M. et al., Appellants. (Proceeding No. 1.) In the Matter of SHAMIKA Mc., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANTHONY M. et al., Appellants. (Proceeding No. 2.) In the Matter of SHANTEL Mc., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANTHONY M. et al., Appellants. (Proceeding No. 3.) In the Matter of VICKIE M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANTHONY M. et al., Appellants. (Proceeding No. 4.) In the Matter of ANTHONY M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANTHONY M. et al., Appellants. (Proceeding No. 5.) [740 NYS2d 87] —In five related child protective proceedings pursuant to Family Court Act article 10, Anthony M., Sr., and the mother separately appeal from five orders of disposition of the Family Court, Queens County (Bogacz, J.) (one as to each child), all dated March 1, 2000, which, upon a fact-finding or-

der of the same court, dated May 10, 1999, made after a hearing, finding that the children were neglected, placed them with the Commissioner of the Administration for Children's Services for a period of one year. The appeals bring up for review the fact-finding order dated May 10, 1999.

Ordered that the appeals from so much of the orders of disposition as placed the children in the care of the Commissioner of the Administration for Children's Services for a period of one year are dismissed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders of disposition as placed the children in the care of the Commissioner of the Administration for Children's Services (hereinafter the Commissioner) must be dismissed, as those portions of the orders were entered on the appellants' consent (*see, Matter of Jonathan G.,* 278 AD2d 324). In any event, the appeals from so much of the orders of disposition as placed the children in the care of the Commissioner are academic. The orders of disposition expired by their own terms after one year, and placement was extended with the consent of the appellants (*see, Matter of Jonathan G., supra*). However, those portions of the orders of disposition as determined that the appellants neglected the children are appealable (*see, Matter of Jonathan G., supra*; *Matter of Danielle C.,* 253 AD2d 431).

Contrary to the appellants' contentions, the petitioner proved by a preponderance of the evidence that they had neglected the children (*see,* Family Ct Act § 1046 [a] [iii]; [b]; *Matter of Cybill V.,* 279 AD2d 582, 583; *Matter of Katherine S.,* 271 AD2d 538, 539; *Matter of Shyasia L.,* 286 AD2d 391). The mother's contention that the Family Court improperly added an allegation of excessive corporal punishment without giving her an adequate opportunity to respond is not preserved for appellate review, as she failed to either object when the evidence on which the allegation was based was introduced or request an adjournment to prepare a rebuttal (*see, Matter of Tia B.,* 257 AD2d 366; *Matter of Michelle S.,* 195 AD2d 721). In any event, her contention is without merit, as she responded to the allegation through her cross-examination of the child Fatima Mc. and her own testimony.

The mother's remaining contention is without merit. Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.