■ In the Matter of NATHIFA B., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent; PAULINE B., Appellant. (Proceeding No. 1.) In the Matter of SALIM B., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent; PAULINE B., Appellant. (Proceeding No. 2.) In the Matter of MITMOH B., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent; PAULINE B., Appellant. (Proceeding No. 3.) In the Matter of NAIEEM B., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent; PAULINE B., Appellant. (Proceeding No. 4.) [742 NYS2d 646] —In four related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of four orders of disposition (one as to each child) of the Family Court, Queens County (Fitzmaurice, J.), all dated December 15, 1999, as, upon fact-finding orders of the same court, all dated August 16, 1999, determining that she had neglected her children Nathifa B., Salim B., Mitmoh B., and Naieem B., placed them in the custody of the Commissioner of Social Services for a period of one year. The appeal brings up for review the fact-finding orders dated August 16, 1999.

Ordered that the appeals from so much of the orders of disposition as placed the children in the care of the Commissioner of Social Services for a period of one year are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The mother's appeals from so much of the orders of disposition as placed each of the children in the care of the Commis-

sioner of Social Services must be dismissed as academic because those orders expired by their own terms on December 15, 2000, and have been replaced by subsequent orders extending placement (*see Matter of Hope S.,* 278 AD2d 329; *Matter of Octavia S.,* 255 AD2d 316). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in potential future proceedings. Therefore, the appeal from so much of the orders of disposition as determined that the children were neglected is not academic (*see Matter of Octavia S., supra*).

Contrary to the mother's contention, the Family Court's determination that she neglected her children is supported by a preponderance of the evidence. The testimony of a caseworker for the Administration for Children's Services and the mother herself demonstrated that the apartment in which the mother and the children resided was in an unsanitary and unsafe condition, a condition which had existed for a period of years (*see* Family Ct Act § 1012 [f]; *Matter of Noemi B.,* 273 AD2d 304). While the mother demonstrated a certain level of vigilance in attempting to have the landlord cure some of the apartment's unsanitary conditions, many of the unsanitary and unsafe conditions were attributable solely to the mother's neglect.

The mother's remaining contentions are without merit. Florio, J.P., Smith, Krausman and Townes, JJ., concur.