■ In the Matter of CASEY A., a Child Alleged to be Neglected. DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE SERVICES, Respondent; GLEN A., Appellant. [745 NYS2d 495] —In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Nassau County (Lawrence, J.), dated April 11, 2001, which denied his motion to dismiss the petitioner's application to restore to the calendar a neglect petition against him based upon his alleged violation of an order of the same court, dated October 22, 1999, which granted an adjournment in contemplation of dismissal of the underlying neglect proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the application is dismissed.

The neglect proceeding against the appellant was settled by order dated October 22, 1999, which granted an adjournment in contemplation of dismissal (hereinafter ACD) (Family Ct Act § 1039). The adjournment period of this ACD ran from October 22, 1999, to October 22, 2000. Family Court Act § 1039 (f) states that if such a proceeding "is not so restored to the calendar, the petition is, at the expiration of the adjournment period, deemed to have been dismissed by the court."

Contrary to the conclusion reached by the Family Court, the petitioner did not timely seek to restore the proceeding to the calendar since its application to do so, although dated October 20, 2000, was not filed with the Family Court until October 25, 2000, or three days after the underlying neglect petition was deemed to have been dismissed. Therefore, the court erred in denying the appellant's motion to dismiss the application to restore the neglect proceeding to the calendar (see generally Family Ct Act § 1031; Uniform Rules for Family Ct [22 NYCRR] § 205.9).

Despite the fact that the appellant subsequently agreed to

settle the alleged violation by accepting a second ACD, the determination that the appellant violated the terms and conditions of the first ACD might indirectly affect his status in potential future proceedings. Therefore, contrary to the petitioner's contention, this appeal has not been rendered academic (*see Matter of Marie B.,* 62 NY2d 352; *see also Matter of Danielle C.,* 253 AD2d 431). Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.