■ In the Matter of SHARONDA S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LETITIA S., Appellant. (Proceeding No. 1.) In the Matter of DAVID S., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LETITIA S., Appellant. (Proceeding No. 2.) In the Matter of LATRELL S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LETITIA S., Appellant. (Proceeding No. 3.) [752 NYS2d 898] —In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) three fact-finding orders of the Family Court, Kings County (Weinstein, J.), all dated January 6, 2000 (one in each proceeding), which, after a hearing, found that she had abused the child David S., had derivatively abused the children Sharonda S. and Latrell S., and had neglected all three children, and (2) three orders of disposition of the same court, dated June 8, 2000 (one in each proceeding), which,

upon the mother's consent, placed the children in the custody of the Commissioner of Social Services for a period of 12 months.

Ordered that the appeals from the fact-finding orders are dismissed, without costs or disbursements, as those orders were superseded by the orders of disposition; and it is further,

Ordered that the appeals from so much of the orders of disposition as placed the children in the custody of the Commissioner of Social Services for a period of 12 months are dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders of disposition as placed the children in the custody of the Commissioner of Social Services (hereinafter the Commissioner) for a period of 12 months must be dismissed, as those portions of the orders were entered on the mother's consent (*see Matter of Fatima Mc.*, 292 AD2d 532, 533; *Matter of Jonathan G.*, 278 AD2d 324). In any event, the appeals from those portions of the orders are academic, as the orders of disposition expired by their own terms on June 8, 2001 (*see Matter of Fatima Mc., supra*; *Matter of Jonathan G., supra*). However, the adjudications of neglect have not been rendered academic (*see Matter of B. Children*, 267 AD2d 307; *Matter of Danielle C.*, 253 AD2d 431).

The petitioner filed allegations of child abuse when the mother's eight-month-old son David sustained a fractured femur under circumstances that his doctors found suspicious. The petitioner successfully established a prima facie case of abuse by a preponderance of the evidence that this injury would not normally have occurred absent an act or omission of the parent (*see* Family Ct Act § 1012 [e]; § 1046 [a] [ii]; [b] [i]; *Matter of Philip M.*, 82 NY2d 238, 244). In response, the mother failed to provide a reasonable and adequate explanation for the injury (*see Matter of Philip M., supra* at 244-245; *Matter of Shawniece E.*, 110 AD2d 900). The Family Court's assessment of the witnesses' credibility should not be disturbed unless clearly unsupported by the record (*see Matter of Irene O.*, 38 NY2d 776, 777; *Matter of Katelyn E.*, 241 AD2d 494, 495; *Matter of Shevonne S.*, 188 AD2d 528, 529). The finding of abuse was therefore proper (*see Matter of Brittney C.*, 242 AD2d 533; *Matter of Marcus S.*, 123 AD2d 702). Furthermore, considering the evidence presented, the Family Court properly found derivative abuse with respect to the children Sharonda and Latrell (*see Matter of Brittney C., supra*).

The Family Court's findings of neglect were also supported by evidence that the mother repeatedly used marijuana and failed to attend drug counseling (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Krewsean S.*, 273 AD2d 393, 394). Florio, J.P., O'Brien, Adams and Crane, JJ., concur.