■ In the Matter of LORRAINE CLEARY, Respondent, v RICHARD MORGAN, Appellant. [761 NYS2d 508] —In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of the Family Court, Rockland County (Warren, J.), dated June 6, 2000, which, after a hearing, finding that he committed a family offense within the meaning of Family Court Act § 812, granted the petitioner an order of protection from June 6, 2000, until June 6, 2003, (2) an order of the same court, also dated June 6, 2000, which committed him to the Rockland County Jail for a term of five months commencing May 31, 2000, and (3) an order of the same court dated June 13, 2000, which placed him on probation for a period of one year upon the termination of his commitment to the Rockland County Jail.

Ordered that the orders are affirmed, without costs or disbursements.

Although the order of protection, order of commitment, and order which placed the appellant on probation have all expired, under the circumstances of this case, "in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense," the appeals are not academic (*Matter of O'Herron v O'Herron,* 300 AD2d 491, 492 [2002]; *see also Matter of Kennedy v Tsombanis,* 277 AD2d 315 [2000]; *cf. Matter of Bickwid v Deutsch,* 87 NY2d 862 [1995]).

The Family Court's determination that the father committed a family offense within the meaning of Family Court Act § 812 was supported by the weight of the evidence (*see Matter of Savine v Savine-Rivas,* 274 AD2d 585, 586 [2000]).

The father's remaining contention is unpreserved for appellate review and, in any event, is without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.