■ In the Matter of GARTH S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KATHLEEN S., Appellant. (Proceeding No. 1.) In the Matter of KYLE S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KATHLEEN S., Appellant. (Proceeding No. 2.) [766 NYS2d 96] —In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals (1), as limited by her brief, from so much of an order of disposition of the Family Court, Richmond County (McElrath, J.), dated March 26, 2001, and entered in Proceeding No. 1, as, upon a fact-finding order of the same court dated July 19, 1999, made after a hearing, found that she had neglected the child Garth S., and (2) from an order of disposition of the same court dated March 7, 2002, and entered in Proceeding No. 2, which, upon a fact-finding order of the same court dated July 19, 1999, made after a hearing, finding that she had neglected the child Kyle S., placed him in the custody of the petitioner until January 28, 2003, and approved the petitioner's permanency plan for Kyle S. to be adopted.

Ordered that the appeal from so much of the order of disposition dated March 7, 2002, as placed the child Kyle S. in the custody of the petitioner until January 28, 2003, is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition dated March 26, 2001, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of disposition dated March 7, 2002, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition dated March 7, 2002, as placed the child Kyle. S. in the custody of the petitioner until January 28, 2003, has been rendered academic, as the period of placement expired by its own terms on that date (*see Matter of Fatima Mc.,* 292 AD2d 532, 533 [2002]; *Matter of Jonathan G.,* 278 AD2d 324, 325 [2000]). However, the appeal from so much of that order of disposition as determined that the mother neglected the child Kyle S. is not academic, since a finding of neglect constitutes a permanent and significant stigma from which potential future consequences may flow (*see Matter of B. Children,* 267 AD2d 307, 308 [1999]; *Matter of Danielle C.,* 253 AD2d 431 [1998]).

Family Court Act § 1046 (b) (i) requires that a finding of abuse or neglect of a child be supported by a preponderance of the evidence (*see Matter of Tammie Z.,* 66 NY2d 1 [1985]). We conclude that the findings of neglect with respect to the children, Kyle S. and Garth S., were supported by a preponderance of the evidence.

The mother's remaining contention is without merit. Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.