■ In the Matter of SALVATORE C., III, a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SUZY C., Appellant, et al., Respondent. [774 NYS2d 373]—In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief,

from (1) so much of a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated September 13, 2002, as, after a hearing, found that she neglected her son and (2) so much of an order of disposition of the same court dated January 29, 2003, as released the child to the mother's custody under the supervision of the petitioner for a period of 12 months, and (3) so much of, in effect, an amended order of disposition of the same court also dated January 29, 2003, as released the child to the mother's custody under the petitioner's supervision for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and the amended order of disposition; and it is further,

Ordered that the appeals from so much of the order of disposition and the amended order of disposition as released the child to the mother under the petitioner's supervision for a period of 12 months are dismissed; and it is further,

Ordered that the order of disposition and the amended order of disposition are affirmed insofar as reviewed, without costs or disbursements.

A "neglected child" is defined, in part, as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Significantly, actual injury or impairment is not required, and a finding of neglect may be made provided a preponderance of the evidence demonstrates that the child is in "imminent danger" of injury or impairment (*Matter of Katie R.*, 251 AD2d 698, 699 [1998]; *Matter of Maroney v Perales*, 102 AD2d 487, 489 [1984]; *see Matter of Katlyn GG.*, 2 AD3d 1233, 1234 [2003]). The finding of neglect against the mother was supported by a preponderance of the evidence (*see Matter of Garth S.*, 309 AD2d 940, 941 [2003]).

The order of disposition and the amended order of disposition appealed from have expired by their own terms. Therefore, the appeals from so much of those orders as released the child to his mother for a period of 12 months under the petitioner's supervision must be dismissed as academic (*see Matter of Garth S., supra; Matter of Thalia L.*, 303 AD2d 162 [2003]; *Matter of Fatima A.*, 276 AD2d 791 [2000]).

The mother's remaining contention is not preserved for appellate review and we decline to reach it in the interests of justice. Ritter, J.P., S. Miller, H. Miller and Crane, JJ., concur.