■ In the Matter of TODD D., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JEAN L., Appellant. (Proceeding No. 1.) In the Matter of DASHAWN L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JEAN L., Appellant. (Proceeding No. 2.) [780 NYS2d 180]—

In two related proceedings pursuant to Family Court Act article 10, the maternal grandmother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Freeman, J.), dated February 11, 2003, as, upon a fact-finding order of the same court dated June 26, 2002, made after a hearing, finding that the appellant had neglected her two grandchildren, released them, upon her consent, to the custody of their mother, to be supervised by the Administration for Children's Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as, upon the appellant's consent, released the children to the custody of their mother, to be supervised for a period of 12 months, is dismissed, without costs or disbursements, as no appeal lies from portions of an order entered upon the appellant's consent (*see Matter of Fatima Mc.,* 292 AD2d 532 [2002]; *Matter of Jonathan G.,* 278 AD2d 324 [2000]); and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof finding neglect by the appellant under allegations two and three of the respective petitions, and substituting therefor a provision dismissing those allegations; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court's determination that she neglected her grandchildren under allegations one and four of the petitions was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012, 1046). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (*see Matter of Commissioner of Social Servs. [Monique W.] v Kim G.,* 240 AD2d 664, 665 [1997]). The credible evidence adduced at the hearing established that the appellant maintained her apartment in a deplorable and unsanitary condition. Accordingly, the Family Court correctly determined that there was an imminent danger of impairment of the children's health as a result of the appellant's conduct (*see Matter of Nathifa B.,* 294 AD2d 432 [2002]; *Matter of Commissioner of Social Servs. [Felix M.] v Anne F.,* 225 AD2d 620 [1996]; *Matter of Lillian R.,* 196 AD2d 503 [1993]; *Matter of Busch v Margaret B.,* 109 AD2d 837 [1985]).

While domestic violence is also a permissible basis upon which to make a finding of neglect (*see Matter of Deandre T.,* 253 AD2d 497 [1998]), such findings are generally made where the domestic violence is so severe or repetitive that it creates an imminent danger that the child's physical, mental, and emotional health would be harmed (*see Matter of Carlos M.,* 293 AD2d 617 [2002]; *Matter of Deandre T., supra*). Here, the appellant's conduct with her daughter did not constitute the level of domestic violence that has been held to serve as a basis for neglect (*see e.g. Matter of Lonell J.,* 242 AD2d 58 [1998]). In particular, there are no allegations that any injury ever occurred. Further, there was insufficient evidence to establish that the children's physical, emotional, or mental condition was impaired or in imminent danger of impairment due to the conduct of the appellant and her daughter toward each other (*cf. Matter of Anthony PP.,* 291 AD2d 687 [2002]; *Matter of Luke M.,* 193 AD2d 446 [1993]; *Mat-*

*ter of Damon S.,* 185 AD2d 850 [1992]). Accordingly, the findings of neglect under allegations two and three of the respective petitions should have been dismissed. Florio, J.P., Townes, Crane and Lifson, JJ., concur.