In the Matter of STARCY G., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES G., Appellant; JOY ANN G., Respondent. [786 NYS2d 217]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Suffolk County (Lehman, J.), entered April 17, 2003, as, upon a fact-finding order of the same court entered March 6, 2003, made after a hearing, finding that he had neglected the subject child, placed the child in the petitioner's custody until September 1, 2003. The appeal brings up for review the fact-finding order entered March 6, 2003.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the petitioner's custody until September 1, 2003, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the subject child in the custody of the petitioner must be dismissed as academic because that order expired by its own terms on September 1, 2003, and has been replaced by subsequent orders extending placement (*see Matter of Garth S.,* 309 AD2d 940 [2003]; *Matter of Dareth O.,* 304 AD2d 667 [2003]). Similarly, the father's claim that the Family Court improperly proceeded with the dispositional hearing in his absence is academic because that hearing provided the basis for the dispositional order, which expired (*see Matter of Mikayla U.,* 266 AD2d 747 [1999]). In any event, the Family Court properly proceeded

with the hearing, at which the father's counsel and the Law Guardian were present (*see* Family Ct Act §§ 1042, 1052 [a]; *Matter of Cassandra M.,* 260 AD2d 961 [1999]), in light of the father's history of nonappearance and tardiness for numerous prior court dates and his knowledge of the hearing date (*cf. Matter of W. Children,* 256 AD2d 412 [1998]).

While the appeal from so much of the order of disposition as placed the subject child in the custody of the petitioner is dismissed as academic, review of the finding of neglect in the fact-finding order entered March 6, 2003, is not academic as a finding of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings (*see Matter of Garth S., supra; Matter of Dareth O., supra*).

The Family Court properly determined that the father neglected his daughter. The petitioner established by a preponderance of the evidence that the father subjected the child to excessive corporal punishment as well as exposed her to domestic violence (*see Matter of Dareth O., supra; Matter of Jeremiah M.,* 290 AD2d 450 [2002]; *Matter of Jasmine R.,* 258 AD2d 361 [1999]).

The father's remaining contention is not properly before this Court. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.