■ In the Matter of BAILEE M.-B., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of CADENCE M.-B., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of CHRISTIAN M.-B., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of CRAIG M.-B., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of DAMIAN M.-B., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of DANIELLE MARIE M., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 6.) In the Matter of DEVIN M.-B., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET M.-B., Appellant, et al., Respondent. (Proceeding No. 7.) [844 NYS2d 412]—

In related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a fact-finding order of the Family Court, Orange County (Woods, J.), entered June 7, 2006, as, after a hearing, found that she neglected her children.

Ordered that the fact-finding order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the finding that she neglected the subject children was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (*see Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *Matter of Commissioner of Social Servs. v Kim G.*, 240 AD2d 664, 665 [1997]). The credible evidence adduced at the fact-finding hearing established that the mother left the subject children alone in an unsafe and unsanitary motel room, with several dangerous instrumentalities exposed, including prescription medication and a steak knife. Furthermore, credible testimony established that the oldest child, who was 14 years old and suffered substance abuse problems and mental illnesses, of which the mother was aware, was incapable of providing proper supervision to her six siblings (*see Matter of Todd D.*, 9 AD3d at 463; *Matter of Paul J.*, 6 AD3d 709, 710 [2004]; *Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]; *Matter of Nathifa B.*, 294 AD2d 432, 433 [2002]; *Matter of Noemi B.*, 273 AD2d 304 [2000]). Accordingly, the Family Court correctly found that there was an imminent danger of impairment of the children's health as a result of the mother's conduct (*see Matter of Todd D.*, 9 AD3d at 463; *Matter of Paul J.*, 6 AD3d at 710; *Matter of Jessica DiB.*, 6 AD3d at 534; *Matter of Nathifa B.*, 294 AD2d at 433).

The mother's remaining contention is without merit. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.