# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1110**
**CAF 11-01925**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF PATRICIA PETRIE,
PETITIONER-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

DONALD PETRIE, JR., RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered August 11, 2011 in a proceeding pursuant to Family Court Act article 8. The order granted a protective order to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent husband appeals from an order of protection entered upon a finding that he committed the family offenses of harassment in the second degree (Penal Law § 240.26 [1]) and menacing in the third degree (§ 120.15) against petitioner wife. Initially, we note that the order of protection has expired, and we thus generally would dismiss the appeal as moot (*see Matter of Kristine Z. v Anthony C.*, 43 AD3d 1284, 1284-1285, *lv denied* 10 NY3d 705). Here, however, the husband challenges only Family Court's finding that he committed two family offenses and, " 'in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense,' the appeal from so much of the order . . . as made that adjudication is not academic" (*Matter of Hunt v Hunt*, 51 AD3d 924, 925; *see Matter of Samora v Coutsoukis*, 292 AD2d 390, 391, *lv denied* 99 NY2d 506).

Contrary to the husband's contention, however, we conclude that the wife established by a preponderance of the evidence that he engaged in acts constituting harassment in the second degree and menacing in the third degree (*see Matter of Baginski v Rostkowski*, 96 AD3d 1051, 1051-1052; *see also Matter of Chase-Triou v Triou*, 96 AD3d 1699, 1699; *Matter of Beck v Butler*, 87 AD3d 1410, 1411, *lv denied* 18 NY3d 801). The court's "assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of the wife over that of the husband" (*Matter of*

*Scroger v Scroger*, 68 AD3d 1777, 1778, *lv denied* 14 NY3d 705).

Frances E. Cafarell
Clerk of the Court