■ In the Matter of CHINA C. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXIS C., Appellant. (Proceeding No. 1.) In the Matter of JULIAN V. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXIS C., Appellant. (Proceeding No. 2.) In the Matter of JULIUS V. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEXIS C., Appellant. (Proceeding No. 3.) [985 NYS2d 104]—

In three related neglect proceedings pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Westchester County (Malone, J.), dated July 27, 2012, which, after a hearing, found that she neglected the subject children.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court's determination that she neglected her children was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [A]; 1046 [b] [i]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (*see Matter of B. Children*, 267 AD2d 307, 308 [1999]; *Matter of Commissioner of Social Servs. v Kim G.*, 240 AD2d 664, 665 [1997]). The credible evidence adduced at the hearing established, inter alia, that the mother maintained her apartment in a deplorable and unsanitary condition, that the apartment was infested with flies for a period of at least several weeks prior to the date of a caseworker's visit, that the mother maintained little or no edible food in the apartment in the period prior to and during a caseworker's visit, that the apartment did not contain permanent beds for the children, and that the children were unbathed, malodorous, and wearing unclean clothing and/or diapers on the date of a caseworker's visit. In addition, the hearing record showed that the mother declined assistance that was offered by the caseworker. Under these circumstances, the Family Court correctly determined that there was an imminent danger of impairment of the children's health as a result of the mother's conduct (*see Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]; *Matter of Nathifa B.*, 294 AD2d 432 [2002]; *Matter of Commissioner of Social Servs. v Anne F.*, 225 AD2d 620 [1996]; *Matter of Lillian R.*, 196 AD2d 503 [1993]). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.