■ In the Matter of JEREMIAH W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD W., Appellant. [12 NYS3d 579]—Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated March 5, 2014. The order, insofar as appealed from,

upon a decision of that court, made after a fact-finding hearing, found that the father neglected the subject child.

Ordered that on Court's own motion, the father's notice of appeal from the decision is deemed a notice of appeal from the order of fact-finding and disposition (see CPLR 5512 [a]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the determination that he neglected the subject child was supported by a preponderance of the evidence (see Matter of Sheneika V., 20 AD3d 541, 542 [2005]; Matter of Salvatore C., 6 AD3d 431, 432 [2004]). Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference (see Matter of Sheneika V., 20 AD3d at 542; Matter of Todd D., 9 AD3d 462, 463 [2004]; Matter of Commissioner of Social Servs. v Kim G., 240 AD2d 664, 665 [1997]). The credible evidence adduced at the fact-finding hearing established that the father committed acts of domestic violence against the mother while in the child's presence that impaired, or created an imminent danger of impairing, the child's physical, mental, or emotional condition (see Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1078 [2015]; Matter of Briana A.-C. [Edward A.-M.], 125 AD3d 771, 773 [2015]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.