Matter of Jonah B. (Riva V.) (2018 NY Slip Op 06736)





Matter of Jonah B. (Riva V.)


2018 NY Slip Op 06736


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-05643
 (Docket Nos. NA-6696-14, NA-5318-15, NA-6697-14)

[*1]In the Matter of Jonah B. (Anonymous). Administration for Children's Services, petitioner-respondent; Riva. (Anonymous), appellant, et al., respondents. (Proceeding No. 1)
In the Matter of Adele S. (Anonymous). Administration for Children's Services, petitioner-respondent; Riva V. (Anonymous), appellant, et al., respondents. (Proceeding No. 2)
In the Matter of Talia B.-S. (Anonymous). Administration for Children's Services, petitioner-respondent; Riva V. (Anonymous), appellant, et al., respondents. (Proceeding No. 3)


Lewis S. Calderon, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne Mitchell and Sara H. Reisberg of counsel), attorney for the children.



DECISION & ORDER
In three related proceedings pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of disposition of the Family Court, Queens County (Emily Ruben, J.), dated November 9, 2016. The order of disposition, after a hearing, inter alia, continued the placement of the subject children, on consent, in the custody of the petitioner until the next permanency hearing, which was to commence on February 8, 2017. The appeal brings up for review so much of an order of fact-finding of the same court (John M. Hunt, J.), dated June 21, 2016, as, after a fact-finding hearing, found that the maternal grandmother neglected the subject children.
ORDERED that the appeal from so much of the order of disposition as continued the placement of the subject children, upon consent, in the custody of the petitioner until the next permanency hearing is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as continued the placement of the subject children, on consent, in the custody of the petitioner until the completion of the next permanency hearing must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Eunice D. [James F.D.], 111 AD3d 627, 628). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see id. at 628; Matter of Sarah A. [Daniel A.], 109 AD3d 467, 467). However, the appeal from that portion of the order of disposition which brings up for review the finding that the maternal grandmother neglected the children is not academic, since the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the maternal grandmother's status in future proceedings (see Matter of Deshawn R. [Duchesne R.], 159 AD3d 707, 708; Matter of Jayline J. [Jarren J.], 156 AD3d 701, 701).
In April 2014, the Administration for Children's Services (hereinafter ACS) commenced two related child abuse and neglect proceedings pursuant to Family Court Act article 10, against, among others, the parents and the maternal grandmother, alleging that they abused and neglected the child Talia, and derivatively abused and neglected the child Jonah. On February 25, 2015, following the birth of the child Adele, ACS commenced a third abuse and neglect proceeding, alleging that Adele was derivatively abused and neglected. The petitions alleged, inter alia, that the maternal grandmother was a person legally responsible for the children in that she provided care for the children on a daily basis since their births and frequently slept at the home where the children resided with their parents. After a fact-finding hearing, the Family Court found, inter alia, that the maternal grandmother was a person legally responsible for the children, and that she had neglected the children. The maternal grandmother appeals, contending that she was not a person legally responsible for the children.
Child protective proceedings encompass only abuse or neglect by a person who is a parent or other person legally responsible for the child's care (see Matter of Kaliia F. [Jason F.], 148 AD3d 805, 806). A person legally responsible is defined as "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Court Act § 1012[g]). "A person is a proper respondent in an article 10 proceeding as an other person legally responsible for the child's care if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796 [internal quotation marks omitted]). "Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case. Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s) are some of the variables which should be considered and weighed by a court" (id. at 796). However, "article 10 should not be construed to include persons who assume fleeting or temporary care of a child such as a supervisor of a play-date or an overnight visitor or those persons who provide extended daily care of children in institutional settings, such as teachers" (Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004-1005; see Matter of Yolanda D., 88 NY2d at 796).
Here, we agree with the Family Court's determination that the maternal grandmother was a person legally responsible for the children. The maternal grandmother came to the parents' home every day and slept over regularly, as many as two to three times per week. On the days that she did not sleep over, the maternal grandmother would come over in the morning and would stay until the paternal grandmother arrived in the afternoon. The maternal grandmother fed Talia, changed her diaper and her clothes, and, along with the mother, bathed Talia several times a week. The mother testified that the maternal grandmother took care of Talia while the mother played with Jonah, and the maternal grandmother was alone with Talia whenever the mother napped or did laundry, and that at least one to two times per week from Talia's birth until April 2014, the maternal grandmother was the only person caring for Talia. The Family Court credited the mother's testimony over the maternal grandmother's attempts to minimize her role, and that determination is entitled to deference (see Matter of Irene O., 38 NY2d 776, 777; Matter of Aminat O., 20 AD3d 480, 481; Matter of Sharonda S., 301 AD2d 532, 533).
Based on the frequency of the maternal grandmother's contact and the nature of her relationship with Talia, we agree with the Family Court's finding that the maternal grandmother was [*2]a person legally responsible for the children, since her care was analogous to parenting and occurred in a household or family setting (see Matter of Yolanda D., 88 NY2d at 796; Matter of Dior W. [Catherine W.], 105 AD3d 753; Matter of Alfredo T., 61 AD3d 690, 691; Matter of Nathaniel TT., 265 AD2d 611, 612).
The maternal grandmother's remaining contention is without merit.
Accordingly, we agree with the Family Court's finding that the maternal grandmother neglected the children.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court