■ In the Matter of DEANDRE T. and Another. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; WENDELL T., Respondent. [676 NYS2d 666] —In consolidated proceedings pursuant to Family Court Act article 10, the petitioner appeals from (1) an order of the Family Court, Rockland County (Warren, J.), entered May 9, 1997, which, *sua sponte,* directed that the fact-finding hearing be reopened for the purpose of permitting the petitioner to present expert evidence regarding the effect of the father's domestic violence towards the mother

upon the emotional and mental condition of the children, and (2) an order of the same court, entered June 4, 1997, which, after the reopened fact-finding hearing, dismissed the petitions.

Ordered that the appeal from the order entered May 9, 1997, is dismissed, without costs or disbursements, as the appellant is not aggrieved thereby; and it is further,

Ordered that the order entered June 4, 1997, is reversed, on the law, without costs or disbursements, the petitions are granted to the extent that the child Vanessa is found to be neglected and the child Deandre is found to be derivatively neglected, and the matter is remitted to the Family Court, Rockland County, for a dispositional hearing.

The issue in this case is whether proof of a pattern of domestic violence by the father against the mother witnessed by their older child is sufficient to establish neglect under Family Court Act § 1012 absent expert evidence that such violence impaired the mental or emotional condition of the child or created an "imminent danger" of such impairment. In the order appealed from, the Family Court held that such violence alone could not be the basis of a finding of neglect and dismissed the petitions. We reverse.

Given the Legislature's awareness of and concern for the detrimental effects of domestic violence on children, Family Court Act § 1012 (f) (i) (B) was drafted in sufficiently broad terms to encompass domestic violence as a permissible basis upon which to make a finding of neglect (*see, Matter of Lonell J.,* 242 AD2d 58; *see also, Matter of Billy Jean II.,* 226 AD2d 767; *Matter of Tami G.,* 209 AD2d 869; *Matter of Theresa CC.,* 178 AD2d 687; *Matter of Michael M.,* 156 Misc 2d 98). Such a finding may be made without expert evidence (*see, Matter of Lonell J., supra; see, e.g., Matter of Tami G., supra;* Family Ct Act § 1046 [b]). Here, the evidence presented at the hearings was sufficient to prove that the father's violent abuse of the mother in the presence of their daughter, Vanessa, resulted in impairment of the child's mental and emotional health (*see, Matter of Lonell J., supra; Matter of Theresa CC., supra; cf., Matter of Bryan L.,* 149 Misc 2d 899). Moreover, on the facts presented, a finding of derivative neglect with regard to that child's sibling, Deandre, is warranted (*see, Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694). Accordingly, we remit the matter to the Family Court, Rockland County, for a dispositional hearing. Ritter, J. P., Santucci, Joy and Florio, JJ., concur.