■ In the Matter of DAVID M. WESTCHESTER COUNTY DEPART-
MENT OF SOCIAL SERVICES, Respondent; SONIA M.-C. et al., Ap-
pellants. [989 NYS2d 511]—

In a proceeding pursuant to Family Court Act article 10, Sonia
M.-C. and Willie H. separately appeal, as limited by their respec-
tive briefs, from so much of an order of the Family Court, West-
chester County (Klein, J.), dated December 27, 2012, as, after a
fact-finding hearing, found that each of them had neglected the
subject child.

Ordered that the order is affirmed insofar as appealed from,
without costs or disbursements.

To establish neglect of a child, the petitioner must demon-
strate, by a preponderance of the evidence (*see* Family Ct Act
§ 1046 [b] [i]), (1) that the child's physical, mental, or emotional
condition has been impaired or is in imminent danger of becom-
ing impaired, and (2) that the actual or threatened harm to the
child is a consequence of the failure of the parent or caretaker
to exercise a minimum degree of care in providing the child
with proper supervision or guardianship (*see* Family Ct Act
§ 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368
[2004]). In a child protective proceeding, the child's prior out-of-
court statements relating to the alleged neglect may serve as
the basis for a finding of neglect "provided that these hearsay
statements are corroborated, so as to ensure their reliability"
(*Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 866 [2014]
[internal quotation marks omitted]; *see* Family Ct Act § 1046 [a]
[vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]). "Any other
evidence tending to support the reliability of the previous state-
ments . . . shall be sufficient corroboration" (Family Ct Act
§ 1046 [a] [vi]), and "[t]he Family Court has considerable discre-
tion in deciding whether a child's out-of-court statements alleg-
ing incidents of abuse have been reliably corroborated" (*Matter
of Alexis S. [Edward S.]*, 115 AD3d at 867 [internal quotation
marks omitted]; *see Matter of Nicole V.*, 71 NY2d at 119; *Matter
of Nicole G. [Louis G.]*, 105 AD3d 956 [2013]). "The Family
Court's credibility findings must be accorded considerable defer-
ence on appeal" (*Matter of Alexis S. [Edward S.]*, 115 AD3d at
867; *see Matter of Nurridin B. [Louis J.]*, 116 AD3d 770, 771
[2014]; *Matter of Jada A. [Robert W.]*, 116 AD3d 769, 770
[2014]).

Here, the subject child was exposed to domestic violence. The
mother testified that her relationship with the stepfather had
been characterized by a pattern of domestic violence, and that

the stepfather had engaged in acts of physical abuse against her on several occasions in the child's presence. A caseworker testified that the child told her that he had witnessed the stepfather engage in domestic violence against the mother on multiple occasions, and that he was scared by these incidents and afraid for the mother. The child's therapist also testified that the child had made such statements to her and had exhibited symptoms of trauma and fear in discussing the stepfather's presence in the home. Based on this evidence, the Family Court properly concluded that the child's mental and/or emotional condition had been harmed or had been at imminent risk of harm as a consequence of his exposure to the domestic violence between the mother and stepfather (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d at 371-372; *Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]; *Matter of Jeaniya W. [Jean W.]*, 96 AD3d 622, 623 [2012]; *Matter of Jayden B. [Erica R.]*, 91 AD3d 1344, 1345-1346 [2012]; *Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785, 785-786 [2012]; *Matter of Deandre T.*, 253 AD2d 497 [1998]).

Contrary to the mother's contention, the evidence that she had continued to reside with the stepfather despite the recurring pattern of his violence against her in the child's presence and without regard for the impact of the violence on the child, and had even rejected shelter and domestic violence services made available to her, established that she had neglected the child by failing to exercise a minimum degree of care in preventing him from being mentally or emotionally harmed (*see* Family Ct Act § 1012 [f] [i]; *Nicholson v Scoppetta*, 3 NY3d at 371-372; *Matter of Aaron C. [Grace C.]*, 105 AD3d 548 [2013]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d at 520; *Matter of Madison PP. [Tina QQ.]*, 88 AD3d 1102, 1103 [2011]).

The stepfather was afforded the effective assistance of counsel (*see* Family Ct Act § 262 [a] [i]; *Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088, 1089 [2013]; *Matter of Alexander C. [Cassandra C.]*, 110 AD3d 1067, 1068 [2013]).

The mother's arguments concerning an order of the Family Court dated May 18, 2011, are not properly before this Court since she did not appeal from that order (*see* CPLR 5515 [1]; *Matter of Tekiara F. [Gayle A.E.]*, 116 AD3d 852 [2014]; *Matter of Tara C. [Sonia C.]*, 106 AD3d 735 [2013]).

The remaining contentions of the mother and stepfather are without merit. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.