■ In the Matter of JACKSON F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GABRIEL F., Appellant. (Proceeding No. 1.) In the Matter of ELLA F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GABRIEL F., Appellant. (Proceeding No. 2.) [995 NYS2d 189]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much an order of fact-finding and disposition of the Family Court, Suffolk County (Rouse, J.), dated November 19, 2013, as, after fact-finding and dispositional hearings, found that he neglected the child Jackson F., placed him under the supervision of the Suffolk County Department of Social Services, and suspended judgment for a period of one year provided that he complied with enumerated terms and conditions, and (2) from an order of protection of the same court dated

November 21, 2013, which, inter alia, directed him to refrain from consuming illegal drugs or alcohol, misusing prescription medication, and engaging in acts or threats of domestic violence.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from and the order of protection is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly applied the definition of neglect in Family Court Act § 1012 (f) (i) (B) and found, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), inter alia, that he failed to exercise a minimum degree of parental care under the circumstances (see Matter of Eugene S. [Priscilla E.], 114 AD3d 691, 691 [2014]; Matter of Michael G.C. [Michael C.], 103 AD3d 890, 891 [2013]).

Contrary to the father's contention, the Family Court was entitled to draw a negative inference against him based upon his failure to testify at the fact-finding hearing (see Baxter v Palmigiano, 425 US 308, 318 [1976]; Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 49 [2013]; Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Mylasia P. [Brenda P.], 104 AD3d 856, 856 [2013]; Matter of Natalie T. [Roger T.], 104 AD3d 697, 698 [2013]).

The father correctly contends that the Family Court erred in admitting into evidence a Child Protective Services intake report of the Office of Child and Family Services with the identity of the reporter having been redacted (see Family Ct Act §§ 1038, 1046 [a] [v]; Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669-670 [2012]). However, since the Family Court did not rely upon the report in its fact-finding determination, its erroneous admission into evidence was not prejudicial to the father and, therefore, does not require reversal (see Matter of Delehia J. [Tameka J.], 93 AD3d at 670; Matter of Zaire D. [Benellie R.], 90 AD3d 923, 924 [2011]; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841 [2011]).

The father's remaining contentions are either unpreserved for appellate review, without merit, or not properly before this Court. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.