■ In the Matter of ZEEVA M., Appellant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; ABRAHAM M., Respondent. (Proceeding No. 1.) In the Matter of VERA M., Appellant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; ABRAHAM M., Respondent. (Proceeding No. 2.) [5 NYS3d 258]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), dated July 9, 2013. The order, after a hearing, dismissed a petition alleging that the father abused and neglected the subject children and dismissed a family offense petition against the father.

Ordered that the order is affirmed, without costs or disbursements.

"A child's prior out-of-court statements may provide the basis for a finding of abuse, 'provided that these hearsay statements are corroborated, so as to ensure their reliability' " (*Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 866 [2014], quoting *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744, 744 [2012]; *see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]; *Matter of Nicole G. [Louis G.]*, 105 AD3d 956 [2013]). "Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]). " 'The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated' " (*Matter of Alexis S. [Edward S.]*, 115 AD3d at 867, quoting *Matter of Nicole G. [Louis G.]*, 105 AD3d at 956; *see Matter of Nicole V.*, 71 NY2d at 119; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d at 744). "The Family Court's credibility findings must be accorded considerable deference on appeal" (*Matter of Alexis S. [Edward S.]*, 115 AD3d at 867; *see Matter of Nicole G. [Louis G.]*, 105 AD3d at 956; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d at 745).

Contrary to the contention of the attorney for the children and the County Attorney, the record supports the Family Court's determination that the child Zeeva's out-of-court disclosures were not sufficiently corroborated and that a prima facie case of sexual abuse against the father was not established by a preponderance of the evidence (*see Matter of Nicole V.*, 71 NY2d at 119).

The appellants' remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the Family Court properly dismissed the petition alleging that the father abused and neglected the subject children and dismissed the family offense petition against the father. Rivera, J.P., Chambers, Sgroi and Miller, JJ., concur.