■ In the Matter of GERALD W., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ANNE R., Respondent. (Proceeding No. 1.) In the Matter of ANTHONY W. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ANNE R., Respondent. (Proceeding No. 2.) In the Matter of SALLY W. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ANNE R., Respondent. (Proceeding No. 3.) [11 NYS3d 665]—

Appeal from an order of the Family Court, Kings County (Daniel Turbow, J.), dated November 25, 2014. The order, after a hearing, dismissed the petitions alleging that the subject children were abused and neglected.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court did not err in dismissing the petitions.

The Administration for Children's Services (hereinafter the agency) acknowledged at a hearing that it failed to prove by a preponderance of the evidence that the subject children were abused. The agency also failed to prove by a preponderance of the evidence that the subject children were neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Nialani T. [Elizabeth B.]*, 125 AD3d 672 [2015]; *Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799 [2013]).

A child's prior out-of-court statements may provide the basis for a finding of abuse or neglect, provided that these hearsay statements are corroborated so as to ensure their reliability (*see Matter of Zeeva M. [Abraham M.]*, 126 AD3d 799 [2015]; *Matter of David M. [Sonia M.-C.]*, 119 AD3d 800 [2014]; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744 [2012]). Any other evidence tending to support the reliability of the child's previous statements shall be sufficient corroboration (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *Matter of Zeeva M. [Abraham M.]*, 126 AD3d at 799; *Matter of David M. [Sonia M.-C.]*, 119 AD3d at 800; *Matter of Alexis S. [Edward S.]*, 115 AD3d 866 [2014]). There is a threshold of reliability that the evidence must meet (*see Matter of Jada K.E. [Richard D.E.]*, 96 AD3d at 744; *Matter of Iyonte G. [Charles J.R.]*, 82 AD3d 765 [2011]). The Family Court has considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated (*see Matter of Zeeva M. [Abraham M.]*, 126 AD3d at 800; *Matter of David M. [Sonia M.-C.]*, 119 AD3d at 800; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d at 744). Here, the Family Court did not improvidently exercise its discretion in determining that the statements of the subject child Anthony W. were insufficient to corroborate the statements of the subject child Sally W. as to the alleged sexual abuse perpetrated upon her.

Furthermore, the agency failed to establish that the mother knew or should reasonably have known that Sally W. was in imminent danger of becoming a victim of sexual abuse (*see Matter of Victor S.*, 166 AD2d 535 [1990]; *cf. Matter of Danielle S.*, 282 AD2d 680, 681 [2001]). Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.