■ In the Matter of KAYLA F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KEVIN F., Appellant. (Proceeding No. 1.) In the Matter of KEANDRE F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KEVIN F., Appellant. (Proceeding No. 2.) In the Matter of KANIEL F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KEVIN F., Appellant. (Proceeding No. 3.) [13 NYS3d 504]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Stewart H. Weinstein, J.), dated March 12, 2013, (2) an order of protection of that court (Steven Z. Mostofsky, J.) dated May 22, 2013, and (3) an order of disposition of that court (Steven Z. Mostofsky, J.), dated May 23, 2013. The order of fact-finding, after a hearing, found that the father neglected the subject children. The order of protection directed the father, inter alia, to stay away from the subject children until and including May 22, 2014. The order of disposition, among other things, released the children Kayla F. and Keandre F. to the custody of the mother.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The order of protection expired by its own terms on May 22, 2014, and the determination of the appeal from this order of protection would, under the facts of this case, have no direct effect upon the parties (*see Matter of Melody H. [Dwayne H.]*, 121 AD3d 686, 687 [2014]). Accordingly, the appeal from the order of protection must be dismissed as academic.

At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the burden is on the petitioner to prove, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Jada F. [Carolyn F.]*, 97 AD3d 575 [2012]). A finding of neglect may be based on exposure to domestic violence (*see Matter of Jada F. [Carolyn F.]*, 97 AD3d 575 [2012]; *Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), but only "where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (*Matter of Jada F. [Carolyn F.]*, 97 AD3d at 576; *see Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]; *Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]).

The credibility determination of the hearing court, which saw and heard the witnesses, is accorded great deference (*see Matter of David M. [Sonia M.-C.]*, 119 AD3d 800, 800 [2014]; *Matter of Mylasia P. [Brenda P.]*, 104 AD3d 856 [2013]). Here, the Family Court's determination finding the mother and the subject child who testified to be credible witnesses is supported by the record and will not be disturbed (*see Matter of Tayleese M.C. [Tunisha H.]*, 127 AD3d 1077 [2015]; *Matter of Dean J.K. [Joseph D.K.]*, 121 AD3d 896 [2014]; *Matter of Christiana C. [Carleton C.]*, 86 AD3d 606, 607 [2011]; *Matter of Taylor T. [Darren T.]*, 73 AD3d 1075 [2010]).

Moreover, contrary to the father's contention, a preponderance of the credible evidence at the hearing established that he

neglected the subject children by, inter alia, engaging in certain acts of domestic violence in the children's presence that impaired, or created an imminent danger of impairing, their physical, mental, or emotional condition (*see Matter of Briana A.-C. [Edward A.-M.]*, 125 AD3d 771 [2015]; *Matter of David M. [Sonia M.-C.]*, 119 AD3d at 800-801; *Matter of Amelia V.M.B. [Davidson B.]*, 107 AD3d 980 [2013]; *Matter of Kristina Mc. [Robert Mc.]*, 101 AD3d 882 [2012]; *Matter of Jada F. [Carolyn F.]*, 97 AD3d at 576; *Matter of Kiara C. [David C.]*, 85 AD3d at 1026; *Matter of Deandre T.*, 253 AD2d at 498).

The Family Court providently exercised its discretion in denying the father's request for a continuance to allow the testimony of his cousin and to allow his attorney to review certain subpoenaed City of New York Department of Education (hereinafter DOE) records. The father subpoenaed the DOE records after the neglect proceedings had been pending for nearly two years and only a few weeks before he requested a continuance, and he did not make an offer of proof as to the cousin's testimony or the DOE records (*see Black v St. Luke's Cornwall Hosp.*, 112 AD3d 661, 661 [2013]; *cf. Verdi v Ho*, 71 AD3d 1004, 1005 [2010]).

The father's remaining contentions are without merit (*see Matter of Jackson F. [Gabriel F]*, 121 AD3d 1114 [2014]; *Matter of Devante S.*, 51 AD3d 482 [2008]; *Matter of Stephanie R.*, 21 AD3d 417 [2005]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.