Matter of Lea E.P. (Jason J.P.) (2019 NY Slip Op 07074)





Matter of Lea E.P. (Jason J.P.)


2019 NY Slip Op 07074


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-00315
 (Docket No. N-2392-17)

[*1]In the Matter of Lea E. P. (Anonymous). Administration for Children's Services, respondent; Jason J. P. (Anonymous), appellant.


Richard Cardinale, Brooklyn, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Eric Lee of counsel), for respondent.
Robert Marinelli, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Arnold Lim, J.), dated December 12, 2018. The order of fact-finding and disposition, made after a fact-finding and dispositional hearing, inter alia, found that the father neglected the subject child and released the child to the custody of the nonrespondent mother upon stated conditions of supervision.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10 on May 17, 2017. ACS alleged that the father neglected the subject child by inflicting excessive corporal punishment on her and by failing to provide her with an adequate education. After a fact-finding and dispositional hearing, the Family Court found that the allegations of excessive corporal punishment and educational neglect had been established by a preponderance of the evidence. By order of fact-finding and disposition dated December 12, 2018, the court, inter alia, found that the father neglected the subject child and released the subject child to the custody of the nonrespondent mother upon stated conditions of supervision. The father appeals.
Pursuant to Family Court Act § 1012(f), a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" in, inter alia, "supplying the child with adequate . . . education in accordance with the provisions of part one of article sixty-five of the education law" or by inflicting excessive corporal punishment (Family Ct Act § 1012[f][i][A]; see Family Ct Act § 1012[f][i][B]). At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been neglected (see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Anastasia L.-D. [Ronald D.], 113 [*2]AD3d 685, 686). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Matter of Kayla F. [Kevin F.], 130 AD3d 724, 725).
Although parents have a right to use reasonable physical force against a child in order to maintain discipline or promote the child's welfare, the use of excessive corporal punishment constitutes neglect (see Matter of Anastasia L.-D. [Ronald D.], 113 AD3d at 686; Matter of Matthew M. [Fatima M.], 109 AD3d 472, 473; see also Penal Law § 35.10[1]). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773).
Here, contrary to the father's contention, the Family Court's finding that the father neglected the subject child by inflicting excessive corporal punishment on her is supported by a preponderance of the evidence (see Matter of Zana C. [Dana F.], 171 AD3d 1045, 1047; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955; Matter of Imaani A. [Rafiyq A.], 150 AD3d 845, 846; Matter of Ishaq B. [Lea B.], 121 AD3d 889, 890).
Contrary to the father's contention, the subject child, who turned five years old in January 2016, resided in Richmond County, and was enrolled in kindergarten for the 2016-2017 school year, was required to attend school (see Education Law § 3205[2][c]; NY City Dept of Educ, Reg of Chancellor A-210, Standards for Attendance Programs, Abstract [1][A] [Sept. 28, 2017] ["Each minor from 5 to 17 years of age in New York City is required to attend school on a full-time basis"]; Matter of Olivia J.R. [Marianette R.], 168 AD3d 433, 434). The father's contention that ACS failed to present any evidence of parental fault or evidence that the child suffered harm or potential harm by not attending school is unpreserved for appellate review, as it was not raised before the Family Court (see Matter of Kleevuort C. [Fredlyn V.], 84 AD3d 1371, 1371).
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court