Matter of Gertrudis v Julceus (2020 NY Slip Op 00272)





Matter of Gertrudis v Julceus


2020 NY Slip Op 00272


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-03085
 (Docket No. O-25471-17)

[*1]In the Matter of Felicita Gertrudis, appellant, 
v
Pyrlus Julceus, respondent.


Helene Chowes, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Susan Quirk, J.), dated March 14, 2019. The order, after a hearing, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense petition against the respondent, alleging that he committed various family offenses against her. After a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding. We affirm.
In a family offense proceeding, the petitioner has the burden of establishing the allegations contained in the petition by a "fair preponderance of the evidence" (Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (see Matter of Miloslau v Miloslau, 112 AD3d 632, 632).
The Family Court's determination that the petitioner failed to establish that the respondent committed the alleged family offenses was based on credibility assessments which are supported by the record and entitled to deference (see Matter of Isabel T. v Lucien W., 138 AD3d 521; Matter of Kayla F. [Kevin F.], 130 AD3d 724, 725).
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court