Matter of Ivan C. Jr. (Ivan C.)
2026 NY Slip Op 03440
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Ivan C. (Anonymous), Jr. Administration for Children's Services, petitioner; Ivan C. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Juliette C. (Anonymous). Administration for Children's Services, petitioner; Ivan C. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Julissa O. (Anonymous), nonparty-appellant. Administration for Children's Services, petitioner; Ivan C. (Anonymous), respondent. (Proceeding No. 3)
In the Matter of Lorenzo C. (Anonymous). Administration for Children's Services, petitioner; Ivan C. (Anonymous), respondent. (Proceeding No. 4)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-05975, (Docket Nos. N-9245-20, N-9246-20, N-9247-20, N-9248-20)
Colleen D. Duffy, J.P.
Paul Wooten
Helen Voutsinas
James P. McCormack, JJ.

Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child Julissa O., the appellant.
Placidus Aguwa, Jamaica, NY, attorney for the children Ivan C., Jr., Juliette C., and Lorenzo C.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the subject child Julissa O. appeals from an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated June 21, 2024. The order of fact-finding, insofar as appealed from, after a hearing, denied the petition with respect to the appellant, and dismissed the proceeding.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child had been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Julia M.M. [Luis V.], 247 AD3d 769, 769-770; Matter of Chance F. [Roy F.], 238 AD3d 1037, 1037). Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the [*2]testimony, and observe their demeanor (see Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 911; Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868). Where, as here, there is conflicting testimony and the matter turns upon the credibility of the witnesses, the factual findings of the hearing court must be accorded great weight (see Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941; Matter of Naima E. [Daryl M.], 227 AD3d 901, 902).
Here, the record, taken as a whole, failed to prove by a preponderance of the evidence the allegations in the petition with respect to the appellant. (see Matter of Ziyoda S. [Nilufar S.], 240 AD3d 705, 705; Matter of Gerald W. [Anne R.], 129 AD3d 979, 980). While minor inconsistencies in a child's testimony do not render such testimony incredible (see Matter of Kadri K. [Kevin K.], 246 AD3d 1090, 1092; Matter of Tarahji N. [Bryan N.-Divequa C.], 197 AD3d 1317, 1319), in this case the inconsistencies in the appellant's testimony were central to the allegations in the petition with respect to the appellant and rendered her testimony incredible as a matter of law. Contrary to the appellant's contention, there is no basis to disturb the Family Court's credibility determinations (see Matter of Ashlyn M. [Robert J.], 228 AD3d at 941; Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1175).
Accordingly, the Family Court properly denied the petition with respect to the appellant and dismissed the proceeding.
DUFFY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court